## G & B TRANSPORTATION CO. *v.* PUBLIC SERVICE COMMISSION

1. ADMINISTRATIVE LAW AND PROCEDURE — CARRIERS — APPEALS — GROUNDS — EVIDENCE — BURDEN OF PROOF.

   The Motor Vehicle Carriers Act requires a complaining carrier to specify the grounds upon which it claims that a Michigan Public Service Commission order is unreasonable or unlawful and to sustain the burden of proving those grounds by clear and satisfactory evidence (MCLA § 479.20).

2. ADMINISTRATIVE LAW AND PROCEDURE—CARRIERS—CERTIFICATE—INTERPRETATION—REASONABLENESS.

   An order of the Michigan Public Service Commission defining "Grand Rapids and vicinity" as used in a motor carrier's certificate of public convenience and necessity to mean Grand Rapids or a point within eight miles of Grand Rapids is affirmed where the record does not contain clear evidence that the order of the commission is unlawful or unreasonable.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 2 Am Jur 2d, Administrative Law §§ 187, 370–375, 469, 750. 13 Am Jur 2d, Carriers § 99.

[2] 13 Am Jur 2d, Carriers §§ 87, 98, 99.

Appeal from Ingham, Louis E. Coash, J. Submitted Division 2 November 8, 1968, at Lansing. (Docket No. 4,496.)   Decided October 2, 1969.

The Michigan Public Service Commission, defendant, determined that the certificate of public convenience and necessity of G & B Transportation Co., a Michigan corporation, plaintiff, allowed operations only within eight miles of Grand Rapids.   Plaintiff appealed to Ingham circuit court, and Darling Freight, Inc., and seven other trucking companies and Michigan Intra-State Motor Tariff Bureau, Inc., intervened as defendants.   Order of MPSC affirmed by circuit court.   Plaintiff appeals.   Affirmed.

*Snyder, Loomis & Ewert* (*William D. Parsley*, of counsel), for plaintiff.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *David P. Van Note*, Assistant Attorney General, for Michigan Public Service Commission.

*Matheson, Dixon & Bieneman*, for intervening defendants.

Before: QUINN, P. J., and McGREGOR and LETTS,* JJ.

LETTS, J.   Plaintiff appeals from a judgment of the circuit court which affirmed an order of Michigan Public Service Commission relating to plaintiff's authority under its certificate of public convenience and necessity which authorized plaintiff

_____
* Circuit Judge, sitting on the Court of Appeals by assignment.

to operate a common carrier motor vehicle freight service between various intrastate points.

In 1934, Golden & Boter Transfer Company, a Michigan corporation, was granted authority to operate a common carrier motor vehicle freight service to transport "heavy machinery, contractors' equipment and steel between Grand Rapids and vicinity and various Michigan points". The record establishes that service under this certificate was limited to movements between Grand Rapids and various Michigan points until 1960.

February 1, 1960, Robert Stouten, now president and treasurer of plaintiff, was hired by Golden & Boter to operate the latter company. Mr. Stouten testified before the commission that he "changed the company operating policy" so as to operate within a 50-mile radius of Grand Rapids. In late 1962, Mr. Stouten organized plaintiff, and on application of plaintiff and Golden & Boter, the MPSC transferred the latter's operating authority to plaintiff effective April 1, 1963.

During April of 1963, plaintiff transported five shipments of steel between Gibraltar, Michigan and Greenville, Michigan. September 16, 1965, plaintiff filed a supplement to its ICC tariff which set forth rates for transportation of iron and steel between Michigan points and Grand Haven, Greenville, Ionia, Muskegon and Muskegon Heights. In November 1965, some of the intervening defendants filed an application with MPSC for an investigation and interpretation of plaintiff's authority. This application was pursuant to the provisions of CL 1948, § 479.14 (Stat Ann § 22.579). Copies of the application and notice of hearing were sent to plaintiff which filed an answer. After a hearing in which plaintiff participated, the commission issued its order interpreting "Grand Rapids and vicinity" to

mean Grand Rapids or a point within eight miles thereof.

Pursuant to the provisions of CLS 1961, § 479.20 (Stat Ann 1969 Cum Supp § 22.585), plaintiff appealed from the order by filing the present action in Ingham county circuit court. The statute last mentioned requires plaintiff to specify the grounds upon which it is claimed that the order appealed from is unreasonable or unlawful and places the burden of proof on the plaintiff "to show by clear and satisfactory evidence that the order of the commission complained of is unlawful or unreasonable, as the case may be". The cause was submitted to the circuit court on the record made before the commission, oral argument and briefs; no new additional evidence was submitted. Judgment of the circuit court affirmed the order of the commission.

We have reviewed the record that was before the circuit judge. It does not contain clear evidence that the order of the commission is unlawful or unreasonable. This finding obviates discussion of the several points raised by plaintiff on appeal and requires affirmance of the circuit court.

Affirmed with costs to intervening defendants.

All concurred.